**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JESUS ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-cv-368 |
| | ) | |
| UNIFIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JESUS ROJAS, by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, UNIFIN, INC., ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et seq.  ("TDCA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Dallas, Dallas County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is an Illinois business corporation based in the Village of Skokie, Cook County, State of Illinois.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs,

2

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, which allegedly arises from an unpaid Oportun Inc. account (**5222) in the amount of $881.35.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

20. In or around April 2020, Plaintiff and Defendant entered into a payment plan where Plaintiff agreed to pay Defendant $440.80 to settle the alleged debt as payment in full, to be paid in four monthly installments of $110.20 each, and Defendant insisted that the payments be via automatic withdrawal from Plaintiff's personal checking account.

21. On or about April 18, 2020, Defendant withdrew the first payment of $110.20 from Plaintiff's personal checking account.

22. On or about May 19, 2020, Defendant withdrew the second payment of $110.20 from Plaintiff's personal checking account.

23. Defendant never withdrew, or even attempted to withdraw, any further payments from Plaintiff's personal checking account.

24. At all times relevant hereto, Plaintiff had sufficient funds in his personal checking account to cover all anticipated payments to Defendant.

25. Plaintiff did not take any actions that would have prevented Defendant from withdrawing funds from Plaintiff's personal checking account.

26. Based on the foregoing, Plaintiff allegedly owes Defendant only $220.40.

27. However, on or about February 16, 2021, Defendant started again to attempt to collect the alleged debt from Plaintiff, but this time, in the incorrect amount of $660.95.

28. In or around late February/early March 2021, Plaintiff called Defendant in response to a collection letter he received from Defendant, dated February 16, 2021.  (A true-and-correct copy of said collection letter is attached hereto as Exhibit A).

29. Plaintiff first spoke to Defendant's collector who identified himself as Bryan and then a supervisor who identified herself as May.

30. During the above-referenced call:

    a.  Defendant's collectors refused to listen to Plaintiff explain that he already reached a settlement amount with Defendant and then they insisted that Plaintiff renegotiate any settlement amount;

    b.  Defendant's collectors falsely claimed that Plaintiff was actually thinking of a different debt;

    c.  Defendant's collector, Bryan, made bizarre statements to Plaintiff about no longer being able to "defend you to the creditor" and blamed Plaintiff for the failure of any payment plan;

    d.  Defendant's collectors falsely claimed that Plaintiff had insufficient funds in his personal checking account and that was why the payments stopped;

    e.  Plaintiff repeatedly disputed owing anything more than the balance left of what he previously agreed to, $220.40; and

    f.  Defendant's collectors continued to attempt to collect amounts from Plaintiff more than the balance of $220.40.

31. Despite Plaintiff's dispute of the amount of the alleged debt, Defendant continued to attempt to collect the alleged debt from Plaintiff in amounts more than $220.40, including with the attached collection letter from Defendant, dated May 4, 2021.  (A true-and-correct

4

copy of said collection letter is attached hereto as Exhibit B).

32. The natural consequences of Defendant's collectors' actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

33. The natural consequences of Defendant's collectors' actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

34. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

**COUNT I:**
**DEENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant engaged in all of the foregoing misconduct;

   b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant, at least, created the false impression on Plaintiff that Defendant was permitted by law to violate debt collection laws with impunity;

   c. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collectors attempted to collect an amount from Plaintiff more than what Plaintiff owes;

   d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt

5

when Defendant, at least, created the false impression on Plaintiff that Defendant was permitted by law to violate debt collection laws with impunity;

e.  Defendant violated § 1692f(1) of the FDCPA by its attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when Defendant's collectors attempted to collect an amount from Plaintiff more than what Plaintiff owes;

f.  Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral disputes of the validity of the amount of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued with its attempts to collect the alleged debt despite Plaintiff's disputes of the amount of the alleged debt; and

g.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiff's disputes of the amount of the alleged debt and pressed forward with its collection efforts.

WHEREFORE, Plaintiff, JESUS ROJAS, respectfully requests judgment be entered against UNIFIN, INC., for the following:

a.  Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b.  Statutory damages of $1,000.00  pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    c.  Costs and reasonable attorneys' pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    d.  Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**UNIFIN, INC. VIOLATED THE TEXAS DEBT COLLECTION ACT**

36. Plaintiff repeats and realleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the TDCA based on the following:

    a.  Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding when Defendant's collectors attempted to collect an amount from Plaintiff more than what Plaintiff allegedly owes; and

    b.  Defendant violated Tex. Fin. Code § 392.304(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer when Defendant created the false impression on Plaintiff that Defendant was permitted by law to violate debt collection laws with impunity.

WHEREFORE, Plaintiff, JESUS ROJAS, respectfully requests judgment be entered against Defendant, UNIFIN, INC., for the following:

    a.  For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

    b.  For attorneys' fees, costs and disbursements;

    c.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

    d.  For any such other and further relief, as well as further costs, expenses and

disbursements for this action, as this court may deem just and proper.

DATED: February 15, 2022                    RESPECTFULLY SUBMITTED,

                        By: /s/ James J. Parr
                            James J. Parr
                            IL State Bar #: 6317921
                            Agruss Law Firm, LLC
                            4809 N. Ravenswood Ave., Suite 419
                            Chicago, IL 60640
                            Tel: 312-224-4695
                            Fax: 312-253-4451
                            james@agrusslawfirm.com
                            Attorney for Plaintiff

# **<u>EXHIBIT A</u>**

# <u>EXHIBIT B</u>